UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

JAN  9 2012

CLERK US DIST. CT. COURT
NORFOLK, VA

WAYNE D. BUTTS,

   Petitioner,

v.            Case No. 2:11cv420

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

   Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On July 29, 2009, following a jury trial, petitioner Wayne D. Butts was convicted in the Circuit Court for the City of Williamsburg and James City County of breaking and entering. On November 13, 2009, Butts was sentenced to serve a term of five

years in prison, with eight months suspended.  Butts appealed his sentence to the Virginia Court of Appeals, which denied his petition for appeal per curiam on August 25, 2010, and then by a three-judge panel on November 22, 2010.  Butts further appealed to the Supreme Court of Virginia, which refused his petition for appeal on May 10, 2011.

On July 13, 2011, while in the custody of the Virginia Department of Corrections at the Deep Meadow Correctional Center, Butts submitted for filing the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  ECF No. 1.  On August 31, 2011, the respondent filed his Rule 5 answer, a motion to dismiss accompanied by a supporting brief, and a Roseboro notice pursuant to Local Civil Rule 7(K).  ECF Nos. 4-7.  On September 21, 2011, the Court received and filed Butts's brief in opposition to the motion to dismiss.  ECF No. 9.

## B. Grounds Alleged

Butts now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because:

(a)  the trial court denied Butts's motion to suppress a confession obtained from him while in police custody and

---

[1] Butts's petition was received and docketed in this Court on July 28, 2011, but the petition includes a notarized statement that it was deposited in the prison mail system on July 13, 2011, and thus effectively filed that day.  See R. 3(d) foll. 28 U.S.C. § 2254.

without his having received the requisite <u>Miranda</u> warnings; and

(b)   the evidence presented at trial was insufficient to establish Butts's guilt beyond a reasonable doubt, namely because his confession was not sufficiently corroborated by separate evidence.

Butts asserted both claims on direct appeal to the Virginia Court of Appeals, which denied both claims on the merits. The Supreme Court summarily refused Butts's subsequent petition for appeal with respect to these claims.

## II. <u>ANALYSIS</u>

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000); <u>see also</u> <u>Bell v. Jarvis</u>, 236

F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. Moreover, any factual findings made by the state court are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003). Finally, because the Supreme Court of Virginia summarily refused Butts's petition for appeal, this Court looks to the disposition of his direct appeal to the Virginia Court of Appeals as the last reasoned state judgment on these claims. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

### A. Miranda Claim

On direct appeal, the Virginia Court of Appeals considered Butts's claim (a), asserting that the state trial court erred in

denying his motion to suppress a confession which he contends was obtained by a custodial interrogation without his first having been advised of his Miranda rights.

In denying Butts's Miranda claim, the state appellate court summarized the facts related to Butts's confession and subsequent arrest:

> On January 7, 2009, two uniformed police officers approached [Butts] in a public place and informed him that Investigator Shadrix wanted to speak with him. [Butts] agreed to wait for the investigator to arrive. After Shadrix arrived, [Butts] stated that he did not mind cooperating, but that he did not want to speak to the investigator in that public location. [Butts] then agreed to accompany the investigator to the police station. [Butts] was not handcuffed and sat in the back of the car with Shadrix. Shadrix asked [Butts] questions during the drive and when they arrived at the police station they went into an interview room. Shadrix informed [Butts] that he was not in custody and was free to leave at any time. Nevertheless, [Butts] chose to remain and speak with Shadrix. A short time later, [Butts] admitted his involvement in the burglary at issue in this case. Shadrix continued to speak with [Butts] for approximately one hour, until [Butts] stated he wanted to leave. At that time, [Butts] was arrested and taken into custody.

Butts v. Commonwealth, No. 22781-09-1, slip op. at 2 (Va. Ct. App. Aug. 25, 2010), ECF No. 1 attach. 1. The appellate court expressly considered the holdings of the Supreme Court of the United States in Miranda v. Arizona, 384 U.S. 436 (1966), and California v. Beheler, 463 U.S. 1121 (1983) (per curiam), and concluded that "[t]he totality of the circumstances indicates [Butts] was not in

custody for Miranda purposes at the time he was questioned."
Butts, slip op. at 2. In so concluding, the appellate court noted
in particular that: "[Butts] willingly spoke with the investigator
and agreed to accompany him to the police station. The officers
did not display their weapons, and Shadrix specifically informed
[Butts] that he was free to leave." Id.

Because the Virginia Court of Appeals clearly articulated the
rationale behind its ruling, an independent review of the record is
not necessary. See Bell, 236 F.3d at 163. This Court may not
grant relief on any claim previously adjudicated on the merits in
state court unless one of the two statutory exceptions applies.
See 28 U.S.C. § 2254(d); Harrington v. Richter, 131 S. Ct. 770,
786-87 (2011).

The Supreme Court of the United States has held that:

> police officers are not required to administer
> Miranda warnings to everyone whom they question.
> Nor is the requirement of warnings to be imposed
> simply because the questioning takes place in the
> station house, or because the questioned person is
> one whom the police suspect. Miranda warnings are
> required only where there has been such a
> restriction on a person's freedom as to render him
> "in custody."

Oregon v. Mathiason, 429 U.S. 492, 495 (1977). "[T]he ultimate
inquiry is simply whether there is a 'formal arrest or restraint on
freedom of movement' of the degree associated with a formal
arrest." Beheler, 463 U.S. at 1125 (quoting Mathiason, 429 U.S. at
495).

- 6 -

The Supreme Court has further described this "ultimate 'in custody' determination for <u>Miranda</u> purposes":

> Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. Once the scene is set and the players' lines and actions are reconstructed, the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.

<u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663 (2004) (quoting <u>Thompson v. Keohane</u>, 516 U.S. 99, 112 (1995)).

The first inquiry——determination of the circumstances surrounding the interrogation——"is distinctly factual." <u>Thompson</u>, 516 U.S. at 112. As a result, the scene- and action-setting facts surrounding Butts's interrogation, summarized by the state court and quoted above, are "presumed to be correct." 28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Thompson</u>, 516 U.S. at 112 (pre-AEDPA). The petitioner bears the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Butts has presented no evidence, and the Court finds nothing in the record, to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts. <u>See</u> 28 U.S.C. § 2254(d)(2).

The second inquiry—the ultimate determination of whether "there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest"—is a mixed question of law and fact. Thompson, 516 U.S. at 112-13. But, based on the facts determined by the state court, there is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1). On its face, the state court's rationale is a reasonable application of Mathiason, Beheler, Thompson, and Alvarado, which provide the controlling standards for evaluating whether a suspect is "in custody" and therefore entitled to Miranda warnings prior to questioning. See, e.g., Alvarado, 541 U.S. at 664 (noting that a state court's "in custody" determination is not unreasonable if "fairminded jurists could disagree over whether [the petitioner] was in custody").

Accordingly, the Court FINDS that Butts's claim (a) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (a).

- 8 -

## B. Sufficiency of the Evidence

On direct appeal, the Virginia Court of appeals considered Butts's claim (b), asserting that the evidence presented at trial was insufficient to find him guilty of breaking and entering beyond a reasonable doubt. In particular, Butts argued on appeal that his conviction was based on a confession not adequately corroborated by independent evidence.

In denying Butts's insufficient evidence claim, the state court noted that, under Virginia law, a criminal defendant may not be convicted based on his confession alone. "Rather, the prosecution must present corroborative evidence that, 'when taken with the evidence of the confession,' is sufficient to 'prove[] the commission of a crime beyond a reasonable doubt.'" Butts, slip op. at 3 (quoting Aldridge v. Commonwealth, 606 S.E.2d 539, 555 (Va. Ct. App. 2004)) (alteration in original). This corroborative evidence, however, need not corroborate "all of the contents of the confession, or even of all the elements of the crime. The requirement of corroboration is limited to the facts constituting the corpus delecti." Id. (quoting Watkins v. Commonwealth, 385 S.E.2d 50, 54 (Va. 1989)). The state court further addressed the quantum of corroboration required by Virginia law, observing that, so long as "the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to

establish the <u>corpus delecti</u>." <u>Id.</u> (quoting <u>Jefferson v. Commonwealth</u>, 369 S.E.2d 212, 214 (Va. Ct. App. 1988)).

The state court then noted the relevant facts established at trial: (1) Butts had admitted burglarizing a gas station in October 2008; (2) a police officer responded to the station's activated burglar alarm and observed that the station's glass door was broken, that a lottery ticket dispenser had been broken into and some of the tickets were taken; (3) the store manager confirmed that tickets had been stolen from the store; and (4) the trial court viewed a video recording and still photographs from the station's security camera, in which the trial judge noted that Butts could be identified. Based on this, the state court concluded that "the evidence overall overwhelmingly corroborate[d] the fact that the store had been burglarized, and thus amply provided the 'slight' corroboration necessary" under Virginia law. <u>Butts</u>, slip op. at 3-4.

Because the Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. <u>See</u> <u>Bell</u>, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. <u>See</u> 28 U.S.C. § 2254(d); <u>Richter</u>, 131 S. Ct. at 786-87.

There is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an

unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale would appear to be a reasonable application of Jackson v. Virginia, 443 U.S. 307 (1979), which provides the controlling standard for evaluating insufficient evidence claims. See id. at 319 (holding that, on federal habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original). As the Supreme Court of the United States has recognized, "[a] confession is like no other evidence. Indeed, 'the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him." Arizona v. Fulminante, 499 U.S. 279, 296 (1991). Based on the petitioner's confession alone, a rational trier of fact clearly could have found Butts guilty of the crime of breaking and entering beyond a reasonable doubt.

Butts argues that the state trial court erred in admitting the confession into evidence because the other evidence presented by the prosecution was insufficient to meet the "slight" corroboration required by Virginia law. But claims concerning the violation of state procedural rules alone are not cognizable on federal habeas

review absent a showing of a "complete miscarriage of justice." See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998); Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978). Butts has made no such showing here.[2]

Accordingly, the Court FINDS that Butts's claim (b) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (b).

### III. CONCLUSION

Butts's claims (a) and (b) were previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision

---

[2] The Court notes that the evidence presented at trial would have easily met the requirements of the federal corroboration rule, suggesting that admission of Butts's confession by the state court did not result in a "complete miscarriage of justice." See generally Wong Sun v. United States, 488-91 & n.15 (1963); Smith v. United States, 348 U.S. 147, 152-57 (1954); Opper v. United States, 348 U.S. 84, 89-93 (1954); United States v. Calderon, 348 U.S. 160 (1954); United States v. Abu Ali, 528 F.3d 210, 234-35 (4th Cir. 2008); United States v. Jones, 232 F. Supp. 2d 618, 620-24 & nn.6, 8 (E.D. Va. 2002).

that was based on an unreasonable determination of the facts. The Court therefore recommends that the instant petition be denied and dismissed with prejudice.

## IV. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the respondent's motion to dismiss (ECF No. 4) be GRANTED, Butts's petition for writ of habeas corpus (ECF No. 1) be DENIED, and all of Butts's claims be DISMISSED WITH PREJUDICE.

## V. REVIEW PROCEDURE

By copy of this report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or

recommendations to which objection is made. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 9 , 2012

- 14 -

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing United States Magistrate Judge's Report and Recommendation was mailed this date to the following:

Wayne D. Butts, 1071962
Deep Meadow Correctional Center
State Farm, Virginia 23160

Rosemary Bourne, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

                                Fernando Galindo,
                                Clerk of Court

                        By: _____
                                Deputy Clerk

                                January 9, 2012

- 15 -