UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

FEB 28 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WAYNE D. BUTTS,

    Petitioner,

v.                              Case No.: 2:11cv420

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of the City of Williamsburg and James City County, Virginia, of breaking and entering, as a result of which he was sentenced to serve a term of five years in prison, with eight months suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on January 9, 2012, recommending that the petition be denied and dismissed with prejudice. ECF No. 11. By copy of the report, each party was

advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On January 26, 2012, the Court received and filed the petitioner's written objections.[1] ECF No. 28. The respondent filed no response to the petitioner's objections.

In his report, the magistrate judge noted that: "Butts has presented no evidence, and the Court finds nothing in the record, to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts." U.S. Magis. J. Report & Recommendation 7, ECF No. 11. The petitioner objects to this statement, noting that he submitted copies of transcripts from his suppression hearing and trial before the state trial court.[2] The petitioner further objects that the magistrate judge failed to "liberally construe . . . the evidence, case law, or argument presented by the petitioner."

It is true that a pro se litigant is entitled to a liberal reading of his pleadings. Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994). But the rule requiring liberal construction of

---

[1] On January 23, 2012, the Court granted the petitioner's request for an extension of time, directing that the petitioner's written objections be filed no later than February 16, 2012. ECF No. 14.
[2] These transcripts reflect the testimony of the petitioner and Inspector Shadrix, the interrogating officer, at a suppression hearing, and the subsequent trial testimony of Inspector Shadrix and the manager of the store the petitioner was convicted of robbing.

a pro se petitioner's pleadings does not extend so far as to demand that the Court construe the evidence or substantive law in the petitioner's favor, particularly in the habeas context, where Congress has dictated a highly deferential standard of review with respect to the factual findings and legal conclusions of state courts. See 28 U.S.C. § 2254(d), (e)(1). The state trial court received conflicting testimony and weighed the credibility of the witnesses, finding the prosecution's witnesses more credible than the petitioner. The petitioner now submits transcripts of this same testimony, asking this Court to substitute its judgment for that of the state trial court. "But for a federal habeas court to overturn a state court's credibility judgment, the state court's error must be stark and clear. Indeed, 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)) (citation omitted). No error whatsoever is apparent to the Court based on the transcripts submitted by the petitioner. Accordingly, the petitioner's objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report

of the United States Magistrate Judge filed on January 9, 2012 (ECF No. 11), and it is, therefore, ORDERED that the respondent's motion to dismiss (ECF No. 4) be GRANTED and that the petition (ECF No. 1) be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/ 
Mark S. Davis
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 28, 2012